```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

NORMAN WAYNE JONES,

           Plaintiff,

vs.                           Case No. 2:12-cv-510-FtM-29DNF

KEVIN RAMBOSK, SCOTT SALLEY, BETH
RICHARDS, KEVIN MCGOWAN, and MIKE
EPPERSON,

           Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of Defendant Kevin Rambosk's motion to dismiss (Doc. #27, Sheriff Motion). Plaintiff filed a response in opposition (Doc. #30, Response). This matter is ripe for review.

Plaintiff initiated this action by filing a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on an Amended Complaint (Doc. #11) alleging that Defendants Salley, Richards, McGowan, and Epperson failed to protect Plaintiff from other inmates by placing him in "general custody" instead of "protected custody." Amended Complaint at 6-7. Specifically, Plaintiff alleges that other inmates, who are apparently housed in general custody, repeatedly verbally harassed him, spit on him, and on two occasions threw dirty toilet paper on him. Id. at 7. The Amended Complaint also alleges that Defendant Epperson would search his cell and "ransack" it. Id. As relief, Plaintiff seeks monetary damages for "all the pain and suffering,

mental anguish." Id. at 7.  Plaintiff also seeks an injunction forcing Sheriff Rambosk to "re-evaluate his administration in the jail." Id. at 8.

Defendant Rambosk moves to dismiss Plaintiff's Complaint arguing that the Complaint does not attempt to allege or identify any policy or custom attributable to the Sheriff as the moving force behind the alleged § 1983 violations.  Motion at 3-5. Defendant Rambosk also points out that it appears that Plaintiff attributes liability on him based on *respondeat* superior.  Id. at 2.  In Response, Plaintiff re-alleges that as "supervisor of the jail" Rambosk was aware of what was happening.  Response at 1-2.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  The Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008).  Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating Conley, 355 U.S. 41 in part). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at

701. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003). To impute a supervisor with knowledge, the knowledge "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1542 (11th Cir. 1994). In other words, "to establish that a defendant committed a constitutional violation in his supervisory capacity, a plaintiff must show that the defendant instituted a 'custom or policy [that] result[s] in deliberate indifference to constitutional rights or . . . directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007). A policy is a decision that is official adopted by the municipality and a custom is a practice that is so well settled and permanent that it takes on the force of law. Id. at 1332.

"Because a municipality will rarely have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs must show the local government has a custom or practice that evidences a 'deliberate indifference' to the plaintiff's right." Powell v. Barrett, 496 F.3d 1288, 1318 (11th Cir. 2007), vacated other grounds, 541 F.3d 1298 (11th Cir. 2008). "Only where the municipality's custom or practice reflects a 'deliberate' or 'conscious' choice from among various alternatives can the municipality be liable for its conduct." Id. (other citations omitted).

The Courts finds the Amended Complaint fails to state a claim as to Defendant Sheriff Rambosk. The Amended Complaint does not allege that Defendant Rambosk was involved in Plaintiff being placed in general custody. The Amended Complaint does not allege that Sheriff Rambosk implemented a policy that was the moving force behind the alleged constitutional violations, or even that a particular custom or practice was the cause of the alleged violation of Plaintiff's constitutional rights. The Amended Complaint predicates liability on the Sheriff, and a conclusory allegation that based on his position Rambosk was aware of the incidents.[1] As stated above, there is no *respondeat superior* liability under § 1983.

---

[1] The Amended Complaint does not allege that Defendant Rambosk was present when the other inmates spit, harassed, or threw things at Plaintiff.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Kevin Rambosk's motion to dismiss (Doc. #27) is **GRANTED** and the Amended Complaint is dismissed without prejudice against Defendant Rambosk.

2. The Clerk of Court shall enter judgment as to Rambosk accordingly and terminate this defendant.

**DONE AND ORDERED** at Fort Myers, Florida, on this __27th__ day of March, 2013.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record