UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORMAN WAYNE JONES,

         Plaintiff,

vs.                     Case No.  2:12-cv-510-FtM-29DNF

SCOTT SALLEY, BETH RICHARDS, KEVIN
MCGOWAN, and MIKE EPPERSON,

         Defendants.
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court upon review of the motion for a more definite statement filed by Defendants Salley, Richards, McGowan, and Epperson (Doc. #29, Motion).  In summary, Defendants argue that Plaintiff commingles causes of action making it impossible to respond to Plaintiff's Complaint.  Motion at 4. Plaintiff filed a response in opposition (Doc. #32), which the Court construes to include a motion to appoint counsel.  This matter is ripe for review.

**I.**

Plaintiff initiated this action by filing a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983.  On October 3, 2012, the Court directed Plaintiff to file an Amended Complaint because the initial Complaint contained unrelated causes of action, did not contain sufficient facts as required under Fed. R. Civ. P. 8, was filed in narrative form rather than separate paragraphs as required under Fed. R. Civ. P. 10, and did not allege a causal connection

between each named Defendant and the alleged constitutional deprivations. <u>See</u> Doc. #10.  Plaintiff filed an Amended Complaint (Doc. #11) and only corrected the Rule 10 deficiencies, to some extent.

Under the "Statement of Claim" section of the Amended Complaint, Plaintiff writes: "discrimination (personal status profiling), failure to protect prisoner, abuse of prisoners, corporal and inhumane punishment."  Amended Complaint at 5. Plaintiff continues his statement of claim section on a supplemental page, which Plaintiff labels as "cont. page 5." <u>Id.</u> at 6.  On this page, Plaintiff writes: "discrimination (personal status profiling) 'circumstances' for 8 months I was discriminated against and my status of being in a (protected custody status) I was personally profiled, abused by correction officers of Collier County Jail.  Collier County Sheriff's personal officers failed to protect prisoner: myself by purposefully placing me into the (general population) housing area resulting in physical and mental abuse and verbal abuse also resulting in mental health therapy by mental health therapist." <u>Id.</u>

Under the "Statement of Facts" section of the Amended Complaint, Plaintiff writes that Defendant McGowan "segregated" Plaintiff from all other "protected custody inmates" and housed Plaintiff in "general population." <u>Id.</u>  The Amended Complaint further claims  that Defendants Salley, Richards, McGowan, and

Epperson "failed to protect" Plaintiff while in general population. Id. at 6-7.  Specifically, Plaintiff claims that other general population inmates verbally harassed him, spit on him, and on two occasions threw dirty toilet paper on him.  Id. at 7.  Elsewhere the Amended Complaint, however, Plaintiff alleges that he was housed in "lock down."  Id.  The Amended Complaint also alleges that Defendant Epperson searched Plaintiff's cell and would "ransack" it.  Id. As relief, Plaintiff seeks monetary damages for "all the pain and suffering, mental anguish." Id. at 7.  Plaintiff also seeks an injunction forcing Sheriff Rambosk to "re-evaluate his administration in the jail."  Id. at 8.[1]

## II.

Defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  See generally Motion.  Defendants point out various issues with the Amended Complaint that make it difficult for Defendants to respond.  Id. at 3 (stating "[t]he statement of facts begins on page 5 with paragraph number 4 and cuts off in the middle of a sentence.  The next page indicates that it is a continuation of page 5; however, it contains paragraphs 1 and 2. The follow page, [p]age 6, contains a narrative paragraph that is not numbered and the undersigned is not sure where the beginning of this section is.").  Defendants further submit that the Eleventh

---

[1]The Court previously granted Defendant Rambosk's motion to dismiss.  Consequently, Plaintiff's request for injunctive relief is moot.

Circuit has a heightened pleading standard in § 1983 cases.[2]  <u>Id.</u>
at 3.  In Response, Plaintiff states that he has approximately 150
inmate grievances containing facts that support his claim.
Response at 2.

Pursuant to Fed. R. Civ. P. 12(e), a party may move for a more
definite statement of a pleading to which a responsive pleading is
allowed but which is so vague or ambiguous that the party cannot
reasonably prepare a response.  As discussed above, the Amended
Complaint did not correct all of the deficiencies contained in the
initial Complaint noted in the Court's October 3 Order.  A
complaint that fails to articulate claims with sufficient clarity
to allow the defendant to frame a responsive pleading constitutes
a shot gun pleading.  <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1128-29 (11th
Cir. 2001).  Pleadings of this nature are prohibited by Rule
8(a)(2), which requires a claim for relief to be "a short and plain
statement of the claim showing that the pleader is entitled to
relief."  Fed. R. Civ. P. 8(a)(2).  Consequently, the Court will
grant Defendants' motion and direct Plaintiff to file a Second
Amended Complaint **containing only those facts supporting his
alleged failure to protect claim.**  If Plaintiff wishes to pursue
claims unrelated to his failure to protect claim, then he must file

---

[2]Defendants' statement that there is a heightened pleading
requirement is incorrect.  Since the issuance of <u>Iqbal</u>, there is <u>no</u>
longer a heightened pleading requirement in § 1983 cases.  <u>Randall
v. Scott</u>, 610 F.3d 701 (11th Cir. 2010).

a new civil rights complaint form containing those claims because
they are unrelated to his failure to protect claim.   The Second
Amended Complaint must contain facts in support of his claim and
not cite to case law.   The Second Amended Complaint must be
complete and not refer back to either of Plaintiff's prior
complaints.   Attaching approximately 150 inmate grievances to the
Second Amended Complaint will **not** fix the pleading deficiencies in
the Amended Complaint.

## III.

On the last page of Plaintiff's response to Defendants'
motion, Plaintiff states he "could very much use an appointment of
counsel of some kind."  Response at 7.  Plaintiff provides no other
information with respect to his request.  Id.  Nevertheless, the
Court construes the Response to include a motion for appointment of
counsel.

"A civil litigant, including a prisoner pursuing a § 1983
action, has no absolute constitutional right to the appointment of
counsel.  The appointment of counsel is instead a privilege that is
justified only by exceptional circumstances."  Poole v. Lambert,
819 F.2d 1025, 1028 (11th Cir. 1987)(citations omitted).  Although
there is no comprehensive definition for what constitutes
"exceptional circumstances," the Court should consider the
following factors:  (1) the type and complexity of the case; (2)
the abilities of the individual bringing it; (3) whether the

individual is in the position to adequately investigate his case; and (4) whether the evidence will consist mostly of conflicting testimony so as to require skill in cross-examination. Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the [C]ourt. Where the facts and issues are simple, he or she usually will not need such help." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993); see also Redmond v. Lake County Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011)(focusing on "exceptional circumstances" requirement necessary to appoint counsel).

Here, the Court denies Plaintiff's motion because the facts and claims in this case are not complex. This case is in the initial stages of litigation. Plaintiff has shown the ability to litigate his action *pro se*. See docket.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   The motion for a more definite statement filed by Defendants Salley, Richards, McGowan, and Epperson (Doc. #29) is **GRANTED**.

2.   The **Clerk of Court** shall mail Plaintiff a civil rights complaint form marked "Second Amended Complaint."

3.    Plaintiff must file a Second Amended Complaint as instructed in the instant Order and in the Court's October 3, 2012 Order **on or before April 17, 2013.**

4.    Plaintiff's motion to appoint counsel (Doc. #32) is **DENIED.**

5.    Plaintiff's failure to comply with this Order will result in the dismissal of this case without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, on this ___28th___ day of March, 2013.


_____
JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record

−7−