UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORMAN WAYNE JONES,

                Plaintiff,

vs.                                              Case No.  2:12-cv-510-FtM-29DNF

SCOTT SALLEY, BETH RICHARDS, KEVIN
MCGOWAN, and MIKE EPPERSON,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of Defendants' Motion to Dismiss (Doc. #42, Motion) Plaintiff's Second Amended Complaint, filed June 5, 2013.  Plaintiff filed a response in opposition (Doc. #44, Response).  This matter is ripe for review.

**I. Background and Facts**

Plaintiff Norman Jones, a Florida prisoner, initiated this action proceeding *pro se* by filing a Civil Rights Complaint Form (Doc. #1) pursuant to 42 U.S.C. § 1983 concerning events that occurred during his detention at the Collier County Jail.  The Court granted Plaintiff's motion for leave to proceed *in forma pauperis*.  See Doc. #9.  On March 28, 2013, the Court granted Defendants' motion for a more definite statement.  See Doc. #35. The Court warned Plaintiff about the provisions of Fed. R. Civ. P. 8 and 10.  Id. at 1.  The Court then ordered Plaintiff to file a Second Amended Complaint containing only those facts supporting his alleged failure to protect claim.  See id. at 4-5.

Plaintiff is proceeding on his Second Amended Complaint (Doc. #41), which names the following defendants from the Collier County Jail: Scott Salley, who Plaintiff identifies as the "chief 'over the jail'"; Captain Beth Richards, Commander Kevin McGowan, and Lieutenant Mike Epperson. Id. at 3-4. According to the Second Amended Complaint, Defendant McGowan removed Plaintiff from the "protected custody dorm" and placed him in "general population" in retaliation for Plaintiff filing grievances. Id. at 6. Plaintiff alleges that every day for eight months he was "verbally and physically" assaulted by other prisoners. Id. Plaintiff claims each defendant knew that the other inmates treated Plaintiff this way, but they failed to protect him. Id. As relief, Plaintiff seeks $50,000 in monetary damages for "pain and suffering," and "mental anguish." Id. Plaintiff also requests that the Court direct Sheriff Kevin Rambosk, who is no longer a Defendant, to "reevaluate his administration in the jail." Id. at 7.

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See generally Motion. Defendants argue that the Court must dismiss the action because the Second Amended Complaint is full of conclusory and vague allegations. Id. at 3. In sum, Defendants submit that Plaintiff basically alleges that he was harassed by all the prisoners in general population and Defendants failed to do anything about it. Id. Defendants point out that Plaintiff has not shown how he was harmed or injured. Id.

## II.  Standard of Review

**A. Motion to Dismiss Standard**

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010).  A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Iqbal, 556 U.S. 662, 677. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 545 (abrogating in part Conley v. Gibson, 355 U.S. 41 (1957)). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Plaintiff is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

**B.  § 1915 Standard**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief."

See 28 U.S.C. § 1915A(a), (b)(1), (b)(2).[1]  In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings.  In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted.  See also § 1915(e)(2).  The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under §1915A.  Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001).

### III.  Analysis

**A.  Failure to Protect Claim**

The Court finds the Second Amended Complaint subject to dismissal, without prejudice, for failure to state a failure to protect claim.  The Supreme Court made clear that "prison officials have a duty . . . to protect prisoners from violence . . . ." Farmer v. Brennan, 511 U.S. 825, 833 (1994); see also Doe v.

---

[1]The language in section 1915(e)(2)(B)(ii) is identical to the screening language of § 1915A.

Georgia Dep't of Corr., 245 F. App'x 899 (11th Cir. 2007). A violation of the Eighth Amendment[2] occurs when a prison official acts with deliberate indifference to a substantial risk of harm to an inmate. Farmer, 511 U.S. at 828. "Deliberate indifference is not the same thing as negligence or carelessness." Maldonado v. Snead, 168 F. App'x 373 (11th Cir. 2006)(citing Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004)). "Merely negligent failure to protect" an inmate from an attack does not give rise to a § 1983 claim. Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003).

A plaintiff must demonstrate that the defendant was aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists and that the prison official drew that inference. Purcell v. Toombs County, GA., 400 F.3d 1313, 1319-20; Carter, 352 F.3d at 1349. In other words, to show that an official had subjective knowledge, the court is to inquire whether the defendant was aware of a "particularized threat or fear felt by [the plaintiff]." Id. at 1350. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" and does not give

---

[2]If Plaintiff was a pretrial detainee at the county jail, then his rights arise under the Fourteenth Amendment. Nevertheless, the standard for a failure to protect claim arising under either the Fourteenth or the Eighth Amendment are the same. Cook *ex. rel* Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 1985); Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985).

rise to a constitutional violation. Farmer, 511 U.S. at 838. Whether an official had requisite knowledge is a question of fact that may be demonstrated by circumstantial evidence. Id. at 842.

Here, the Second Amended Complaint does not contain sufficient factual allegations to support a failure to protect claim against Defendants from the Collier County Jail. The Second Amended Complaint generally alleges that he was subjected to "verbal harassment" and "physical assaults" "every day" for an eight month period. Verbal harassment does not arise to the level fo an Eighth Amendment violation. Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)(verbal taunts not sufficient to constitute constitutional deprivation). To the extent Plaintiff claims that he was "physically assaulted" by other inmates, the Amended Complaint does not specify when specifically the physical assaults took place, how they took place, who assaulted him, whether he sustained any injuries, and/or whether treatment was rendered for those injuries. To the extent these correctional officers did not protect Plaintiff from other inmates spitting on him, this allegation, without more, cannot reasonably be perceived as presenting a substantial risk of serious harm. See Kocher v. Luzerne County Corr. Facility, Case No. 1:11-cv-1000, 2011 WL 2470382 (M.D. Pa. June 20, 2011)(finding no deliberate indifference when defendant failed to protect plaintiff from an inmate who spit on plaintiff); York v. Jackson, Case No. 2:08-cv-547(JCC/TRJ), 2008

WL 2641268 *3 (E.D. Va. July 2, 2008)(being spat on does not amount to cruel and unusual punishment). Moreover, to the extent the Second Amended Complaint alleges that Plaintiff was physically assaulted "every day" for an eight month period, without further factual support, such allegations appear fantastic and exaggerated. Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001)(noting district court properly questioned plaintiff's credibility when factual allegations appeared "so magnified and fantastic").

**B. Retaliation Claim**

Similarly, the Second Amended Complaint fails to state sufficient facts supporting a retaliation claim against Defendant McGowan. See Second Amended Complaint at 6 ("McGowan took me out of the (protected custody dorm) and placed in general population dorm. Locked down 24/7, being vindictive, and retaliating for the grievances Plaintiff filed on him.")(errors in original). Prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1968)(per curiam). To prevail on a retaliation claim, the inmate must establish that: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. O'Bryant v. Finch, 637 F.2d 1207, 1212 (11th

Cir. 2011)(internal quotations omitted); Moton v. Cowart, 631 F.3d 1337, 1341-42 (11th Cir. 2011). "To establish causation, the plaintiff must show that the defendant was 'subjectively motivated to discipline' the plaintiff for exercising his First Amendment rights." Moton, 631 F.3d at 1341 (quoting Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008)). The Second Amended Complaint does not contain any factual allegations satisfying the second and third elements. Consequently, pursuant to § 1915, the Court dismisses any retaliation claim against Defendant McGowan.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendants' motion to dismiss (Doc. #42) is **GRANTED**. The case is dismissed against all Defendants, without prejudice.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __9th__ day of October, 2013.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

-9-